Dear Honorable Cullison,
The Attorney General has received your request for an official opinion asking, in effect:
 What effect, if any, do the provisions of the Family Educational and Privacy Act, 20 U.S.C.A. 1232g, commonly called the Buckley Amendment, have on the requirement of 51 O.S. 24A.16(B) (1985), that directory information, if kept by a school district, shall be open for inspection and copying to the public?
On November 1, 1985, the "Oklahoma Open Records Act," codified at 51 O.S. 24A.1 et seq. (1985), became effective. Your question concerns 51 O.S. 24A.16(B) (1985). This statute states:
 "If kept, statistical information not identified with a particular student and directory information shall be open for inspection and copying. `Directory information' includes a student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational institution attended by the student." (Emphasis added).
Your question is concerned with the effect of the provisions of the federal Family Educational Rights and Privacy Act, 20 U.S.C.A. 1232g and the open records requirement of 51 O.S. 24A.16(B) (1985).
The Educational Amendments of 1974, P.L. 93-380, Laws of 93rd Cong., 2nd Sess., amended the Elementary and Secondary Education Act of 1965, by adding the Family Educational Rights and Privacy Act of 1974 codified at20 U.S.C.A. 1232g, et seq. Title 20 U.S.C.A. 1232g(b)(1) states, in pertinent part:
 "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a)) of this section . . ."
As stated above, 20 U.S.C.A. 1232g(a)(5)(A) defines "directory information" and (a)(5)(B) prescribes a procedure to be used when making public the information contained in the "directory information." These statutes state:
 "(a)(5)(A) For the purposes of this section the term `directory information' relating to a student includes the following: the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.
 "(a)(5)(B) Any educational agency or institution making public directory information shall give public notice of the categories of information which it has designated as such information with respect to each student attending the institution or agency and shall allow a reasonable period of time after such notice has been given for a parent to inform the institution or agency that any or all of the information designated should not be released without the parent's prior consent." (Emphasis added).
Clearly, 20 U.S.C.A. 1232g(a)(5)(B) requires an educational institution seeking to retain its federal funding, to do two things before releasing information contained in the "directory information." These two things are:
 1. Give public notice of the categories of information which it has designated as such information with respect to each student attending the institution or agency; and
 2. Allow a reasonable amount of time after such notice has been given for a parent to inform the institution or agency that any or all of the information designated should not be released without the parent's prior consent.
Also, federal rules have been promulgated regarding the procedure to be followed by educational institutions prior to releasing directory information. Title 34 C.F.R. § 99.37 reads:
 "(a) An educational agency or institution may disclose personally identifiable information from the education records of a student who is in attendance at the institution or agency if that information has been designated as directory information (as defined in 99.3) under paragraph (c) of this section.
 "(b) An educational agency or institution may disclose directory information from the education records of an individual who is no longer in attendance at the agency or institution without following the procedures under paragraph (c) of this section.
 "(c) An educational agency or institution which wishes to designate directory information shall give public notice of the following:
 "(1) The categories of personally identifiable information which the institution has designated as directory information;
 "(2) The right of the parent of the student or the eligible student to refuse to permit the designation of any or all of the categories of personally identifiable information with respect to that student as directory information; and
 "(3) The period of time within which the parent of the student or the eligible student must inform the agency or institution in writing that such personally identifiable information is not to be designated as directory information with respect to that student."
Thus, under 34 C.F.R. § 99.37, an educational institution is required to give public notice of the type of information to be published, the right to forbid disclosure, and the time period within which a student or parent must act to forbid disclosure.
Note the definition of "directory information" in 20 U.S.C.A. 1232g
(a)(5)(B), and 34 C.F.R. § 99.3 is identical to the definition of "directory information" in 51 O.S. 24A.16(B) (1985), of the Oklahoma Open Records Act.
Any educational agency or institution receiving federal funds falls within the purview of the Family Educational Rights and Privacy Act.Kestenbaum v. Michigan State University, 294 N.W.2d 228 (Mich.App. 1980). Thus, any educational agency or institution in Oklahoma receiving federal funds would fall within the purview of the Family Educational Rights and Privacy Act, 20 U.S.C.A. 1232g, et seq.
The Supreme Court of North Carolina examined a situation analogous to the question presented by your opinion request. That State Court considered the Family Educational Rights and Privacy Act in light of North Carolina's Open Meeting Law. The Court wrote:
 "The Buckley Amendment does not forbid such disclosure of in formation concerning a student and, therefore, does not forbid opening to the public a faculty meeting at which such matters are discussed. The Buckley Amendment simply cuts off Federal funds, otherwise available to an educational institution which has a policy or practice of permitting the release of such information. Thus, if the Open Meetings Law applies to a meeting of the faculty of the School of Law at which such matters are discussed, the right of the public to attend such meeting would continue. Only the availability of Federal funds in aid of the institution would be affected." Student Bar Ass'n Bd. of Governors, Etc., v. Byrd, 239 S.E.2d 415,419 (N.C. 1977).
Thus, if an educational institution wishes to retain its federal funds, that institution must comply with the requirement of the Family Educational Rights and Privacy Act, 20 U.S.C.A. 1232g, et seq., before releasing any information.
The same analogy can be made in Oklahoma. If an educational institution wishes to retain its federal funds, it must comply with the provisions of the Family Educational Rights and Privacy Act. For an educational institution to release the information contained in the "directory information" pursuant to 51 O.S. 24A.16(B) (1985), that institution must release that information in accordance with the requirements of20 U.S.C.A. 1232g(a)(5)(B), and the rules promulgated under34 C.F.R. § 99.37, if that educational institution desires to retain available federal funds given to that institution.
If a school district that receives federal funds honors the request of a parent or student not to disclose information contained in the "directory information" pursuant to 20 U.S.C.A. 1232g(a)(5)(B), the school district would not be in violation of 51 O.S. 24A.16(B) (1985) of the Oklahoma Open Records Act.
It is, therefore, the official opinion of the Attorney General that theeffect of the Family Educational Rights and Privacy Act of 1974,20 U.S.C.A. 1232g, commonly called the Buckley Amendment, on therequirement in the Oklahoma Open Records Act for public access to"directory information," specifically 51 O.S. 24A.16(B) (1985), is thata school district desiring to retain federal funding may only providepublic access to the information contained in the "directory information"by complying with the provisions of the Family Educational Rights andPrivacy Act, specifically 20 U.S.C.A. 1232(a)(5)(B).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL